Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1065 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Nermin Veljacic (#2011-1011217) v. Superintendent Currie | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders inmate trust account officials at Plaintiff's present place of confinement to deduct $32.14 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of the inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is directed to issue summons for Defendant Superintendent Currie and the U.S. Marshal is directed to serve him. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Nermin Veljacic, a pre-trial detainee in custody at the Cook County Jail, has filed suit pursuant to 42 U.S.C. § 1983 against Defendant Superintendent Currie. Plaintiff asserts that he is a Muslim and was forced to participate in Christian religious services at the Cook County Jail on December 20, 2011.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $32.14. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Defendant Currie under the Civil Rights Act, 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000(cc), such that he must respond to the complaint. *See Perez v. Frank*, 433 F. Supp. 2d 955, 965 (W.D. Wis. 2006); *see also Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).
**(CONTINUED)**

AWL

| **STATEMENT (continued)** |
|---|

    The Clerk shall issue summons for service of the complaint on Defendant Currie (hereinafter, "Defendant"). The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, officials with the Cook County Department of Corrections shall furnish the Marshal with his last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.